UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AUSTIN SERVESTER SCAIFE JR,

                        Plaintiff,         DECISION AND ORDER

              -vs-                          18-CV-6562-MJP

COMMISSIONER OF SOCIAL SECUIRTY,

                        Defendant.
_____

## INTRODUCTION

Plaintiff Austin Servester Scaife, Jr. ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI"). Pursuant to 28 U.S.C. § 636(c) the parties have consented to the disposition of this case by a United States Magistrate Judge. (ECF No. 14.)

Presently before the Court are cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (ECF Nos. 10 & 12.) For the reasons set forth below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

On November 21, 2014, Plaintiff protectively filed an application for SSI alleging disability, including "stress, learning disability and bipolar" beginning

on November 1, 1992. (R.[1] 60; 155.) The Social Security Administration denied Plaintiff's claim on July 2, 2015. (R. 60–67.) On December 14, 2016, a video teleconference hearing was held before Administrative Law Judge ("ALJ") who was located in Falls Church, Virginia (R. 30; 32.) Plaintiff participated in the hearing in Rochester, New York. (R. 30; 32.) The hearing was rescheduled to permit Plaintiff time to obtain counsel. (R. 33.) The rescheduled hearing took place on March 3, 2017, again via video teleconference. (R. 36; 38.) Plaintiff did not appear for the hearing but was represented by an attorney. (R. 30.) A vocational expert also testified at the hearing (R. 36; 38.)

The ALJ issued a decision on August 14, 2017, finding that Plaintiff had the following severe impairments: "polysubstance abuse, depression, anxiety, personality disorder and post-traumatic stress disorder (PTSD)." (R. 12.) Nevertheless, the ALJ determined that Plaintiff was able to

> perform a full range of work at all exertional levels but with the following non-exertional limitations: he can perform simple, routine tasks and make simple work-related decisions. He requires a work environment where change is minimal. He can tolerate occasional contact with supervisors and coworkers, but must have no contact with the general public. He cannot engage in tandem work. He will also have one unscheduled absence every three months.

(R. 15.)

Plaintiff appealed to the Social Security Administration's Appeals Counsel and that body denied his request for review on June 7, 2018, making

---

[1] "R __" refers to the page in the Administrative Record filed by the Commissioner of Social Security.

the ALJ's decision the Commissioner's final decision. (R. 1.) Plaintiff filed this lawsuit on August 2, 2018.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curium)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether

the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

A person is disabled for the purposes of SSI and disability benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). In assessing whether a claimant is disabled, the ALJ must employ a five-step sequential analysis. *See Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (*per curiam*). The five steps are:

> (1)  whether the claimant is currently engaged in substantial gainful activity;
>
> (2)  if not, whether the claimant has any "severe impairment" that "significantly limits [the claimant's] physical or mental ability to do basic work activities";
>
> (3)  if so, whether any of the claimant's severe impairments meets or equals one of the impairments listed in Appendix 1 of Subpart P of Part 404 of the relevant regulations;
>
> (4)  if not, whether despite the claimant's severe impairments, the claimant retains the residual functional capacity [("RFC")] to perform his past work; and
>
> (5)  if not, whether the claimant retains the [RFC] to perform any other work that exists in significant numbers in the national economy.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) & 416.920(a)(4)(i)-(v); *Berry v. Schweiker*, 675 F.2d at 467. "The claimant bears the burden of proving his or her case at steps one through four[;] . . . [a]t step five the burden shifts to the Commissioner to 'show there is other gainful work in the national economy [which] the claimant could perform.'" *Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004) (quoting *Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998)).

## ANALYSIS

Plaintiff raises two issues for the Court's review. First, Plaintiff asserts that since the ALJ effectively rejected the opinion evidence in the record, he relied on his own lay interpretation of the medical evidence to make his RFC determination. (Pl.'s Mem. of Law at 1, Mar. 4, 2019, ECF No. 10-1.) In addition, Plaintiff contends that the ALJ failed to fulfill his duty of developing the record because he did not obtain a medical opinion that would have addressed Plaintiff's functional limitations. (*Id.*)

***Having effectively rejected the opinion evidence in the record, the ALJ substituted his own lay interpretation of the medical evidence when determining Plaintiff's RFC.***

The Court agrees with Plaintiff that the ALJ erred in assessing Plaintiff's RFC. (Pl.'s Mem. of Law at 15–19.) "An ALJ is not a medical professional, and is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Benman v. Comm'r of Soc. Sec.*, 350 F. Supp. 3d 252, 257 (W.D.N.Y. 2018) (citations omitted). In other words, the ALJ may not interpret raw medical data in functional terms. *Smith v. Comm'r of Soc. Sec.*, 337 F. Supp. 3d 216, 226 (W.D.N.Y. 2018) (citations omitted); *Rodriguez v.*

5

*Colvin*, No. 13-cv-07607, 2015 WL 1903146, at *24 (S.D.N.Y. Mar. 31, 2015) ("An ALJ may not ... reject an examining source's conclusions based on the ALJ's own interpretation of the medical evidence, because ... an ALJ may not substitute his own opinion of the medical evidence for that of a medical professional .... In determining that [the consultative doctor's] findings did not support her conclusions that Plaintiff suffered from significant limitations, the ALJ did not rely on the opinion of any medical other professional, but instead appears to have relied on his own interpretation of the evidence"). Indeed, it is error for an ALJ to make an RFC determination without opinions from medical professionals concerning the impact of the objective medical evidence on a plaintiff's RFC. *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016).

Here, the record contained two medical opinions. On July 2, 2015, Dr. K. Lieber-Diaz, a psychologist, determined that there was "insufficient evidence to evaluate clmt's alleged psychiatric impairments due to failure to cooperate." (R. 60–66.) The ALJ gave "little weight" to Dr. Lieber-Diaz's opinion because it was based upon a review of the medical records available at the time and further medical records had since become available. (R. 20.)

On July 8, 2016, Dr. Odysseus Adamides assessed Plaintiff at the Catholic Family Center (R. 2094–2101.) After conducting an examination, Dr. Adamides provided his opinion:

> patient exhibits adequate IQ with bipolar depressed mood and struggles with paranoia as defense, re: intrusive thoughts of past family issues, prison and street-related trauma, thus needs medication for stabilization. He exhibited capacity for rational

6

> thought but emotional lability, requiring ongoing medication to decrease irritable behavior or regression; if not treated he is @ risk for criminal recidivism or relapse. He still requires SSI to complete treatment and safely survive in the community[.]

(R. 2097.)

The ALJ gave "[l]ittle weight" to Dr. Adamides's opinion, stating that the finding of a disability is reserved to the Commissioner. (R. 20.) The ALJ further dismissed Dr. Adamides's opinion because it was "vague, does not provide a function-by-function analysis of the claimant's work-related restrictions and is inconsistent with the overall evidence of record." (*Id.*) Of note, the ALJ does not provide any explanation as to how Dr. Adamides's opinion is inconsistent with the record.

In effectively rejecting the opinions of Dr. Lieber-Diaz and Dr. Adamides the ALJ did not rely on any opinion evidence from an acceptable medical source when making his RFC determination. The ALJ, therefore, determined Plaintiff's RFC based on his own interpretation of the medical record, which is not permissible. Accordingly, the RFC finding is not supported by substantial evidence, and this error necessitates remand.

### *The ALJ failed to fulfill his obligation to develop the record and, therefore, his RFC decision was not supported by substantial evidence.*

An ALJ is statutorily required to develop a plaintiff's "*complete medical history*, including arranging for a consultative examination(s) if necessary, *and making every reasonable effort to help [the plaintiff] get medical reports from [the plaintiff's] own medical sources.*" 20 C.F.R. § 416.945 (emphasis added); *Villa v. Colvin*, No. 1:14-CV-00463, 2016 WL 1054757, at *4 (W.D.N.Y. Mar.

7

17, 2016) ("[a]lthough a claimant is generally responsible for providing evidence upon which to base an RFC assessment, before the Administration makes a disability determination, the ALJ is responsible for developing [the claimant's] complete medical history ….") (internal quotations and citations omitted). Title 20, section 416.912 of the Federal Code of Regulations provides that "[e]very reasonable effort means that we will make an initial request for evidence from your medical source or entity that maintains your medical source's evidence, and, at any time between 10 and 20 calendar days after the initial request, if the evidence has not been received, we will make one follow-up request to obtain the medical evidence necessary to make a determination." 20 C.F.R. § 416.912. Moreover,

> [w]here the record is devoid of any opinions from treating or examining medical sources regarding [the] Plaintiff's functional or work capacity limitations, such as Plaintiff's lifting, carrying, sitting or standing limits …[,] the ALJ [is] obligated to develop the record and obtain RFC assessments from [the] Plaintiff's treating and/or examining physicians …. An ALJ's failure to do so necessitates remand.

*Salone v. Berryhill*, No. 6:16-CV-06491-MAT, 2018 WL 6333421, at *2 (W.D.N.Y. Dec. 5, 2018) (internal quotations and citations omitted). Having rejected the only available medical opinion evidence, the record is devoid of any indication that the ALJ made any attempt to arrange for a consultative examination, or to otherwise obtain an opinion that would address Plaintiff's functional limitations. Without having done this, the ALJ failed to meet his duty of developing the record and remand is required.

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for judgment on the pleadings (ECF No. 9) and denies Commissioner's motion for judgment on the pleadings (ECF No. 11). The case is remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited hearing. The Clerk of the Court will enter judgment in favor of the Plaintiff and close this case.

**IT IS SO ORDERED.**

DATED: March 2, 2020
Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge